IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN NALL,

        Plaintiff,   :  Case No. 3:15-cv-408

v.   :  JUDGE WALTER H. RICE

NANCY A. BERRYHILL,   :  MAGISTRATE JUDGE
                                  SHARON L. OVINGTON
Acting Commissioner of the
Social Security Administration,   :

        :

        Defendant.

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS (DOC. #13) OF UNITED STATES MAGISTRATE JUDGE; OBJECTIONS OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, TO SAID JUDICIAL FILING (DOC. #14) ARE SUSTAINED IN PART AND OVERRULED IN PART; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF JOHN NALL AND AGAINST THE COMMISSIONER, REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

Plaintiff John Nall ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On January 31, 2017, Magistrate Judge Sharon L. Ovington filed her Initial Report and Recommendations, Doc. #13, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed, and that the captioned cause be remanded under sentence four of 42 U.S.C. § 405(g) for an immediate award of benefits. The Commissioner filed Objections to the Report and Recommendations, Doc. #14; Plaintiff responded to the Commissioner's objections, Doc. #15, but raised no objections himself.

Based upon reasoning and citations of authority set forth below and in the Report and Recommendations, Doc. #13, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6, and a thorough review of the applicable law, this Court, ADOPTS IN PART and REJECTS IN PART the Report and Recommendations, Doc. #13, and SUSTAINS IN PART and OVERRULES IN PART the Commissioner's Objections, Doc. #14, to said judicial filing  The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, as not supported by substantial evidence, and remanding the captioned cause, pursuant to sentence four of 42 U.S.C. §405(g), to the Commissioner for further proceedings consistent with this decision.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial

2

evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762,

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Report and Recommendations, and the Commissioner's Objections thereto, focus on whether Plaintiff's impairments, alone or in combination, met or equaled 20 C.F.R. Part 404 Subpart P Appendix 1 Listing 12.05(C) ("Listing" or "Appendix 1 Listing"); if his impairments met or equaled Listing 12.05(C) (Intellectual Disorder), then a finding of disability is required. 20 C.F.R. § 416.920(a)(4)(iii). For purposes relevant to this opinion, Listing 12.05(C) has three elements: (1) an intelligence quotient ("IQ") score between 60 and 70; (2) a severe physical or mental impairment; and (3) significant deficits in adaptive functioning.[2] In both 2005 and 2013, Drs. Giovanni Bonds and George Schulz, the Commissioner's examining psychologists, gave Plaintiff an intelligence quotient ("IQ") score between 60 and 70. Doc. #6-7, PAGEID #465, 814. Further, at Step Two, ALJ Gregory Kenyon found that Plaintiff had severe physical and mental

---

[2] Additionally, there must be evidence that Plaintiff's intellectual disorder began prior to the age of twenty-two. The parties do not dispute that, if Plaintiff has an intellectual disorder, it began prior to his turning twenty-two years old. *See* Doc. #6-3, PAGEID #127 (ALJ David Redmond granting Plaintiff's previous application for disabled child's insurance benefits).

4

impairments. Doc. #6-2, PAGEID #70. Thus, the only disputed issue is whether Plaintiff has significant deficits in adaptive functioning, which is defined as "concurrent deficits or impairments . . . in at least two of the following areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety.'" *Hayes v. Comm'r of Soc. Sec.*, No. 09-5409, 357 F. App'x 672, 677 (6th Cir. 2009) (citation omitted).

      2.      In her Objections, the Commissioner emphasizes that Drs. Bonds and Schulz, respectively, diagnosed Plaintiff with borderline intellectual functioning, rather than an intellectual disability (formerly known as mental retardation). Doc. #14, PAGEID #894 (citing Doc. #6-7, PAGEID #465-66, 816). Further, Drs. Bonds and Schulz assessed Global Assessment of Functioning scores of fifty-seven and fifty-five, respectively, indicating only moderate symptoms or difficulties in social or school function. *Id.*, PAGEID #895 (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002); Doc. #6-2, PAGEID #74-75 n.1; Doc. #6-7, PAGEID #466, 816). The Commissioner argues that because: "low IQ is only one component of mental retardation, and impairments in adaptive functioning, rather than low IQ, are usually the presenting symptoms in a mentally retarded individual[,]" *id.* at 896 (citation omitted); and Drs. Bonds and Schulz found only mild impairments in adaptive functioning, *id.* (citing Doc. #6-7, PAGEID #465-67, 817), ALJ Kenyon's decision that Plaintiff did not meet or equal Listing 12.05(C) was supported by substantial evidence and must be affirmed. *Id.*, PAGEID #902-03.

5

The Commissioner, in so arguing, does not account for the fact that Dr. Bonds's opinion was the basis of ALJ David A. Redmond's concluding, on February 4, 2009, that Plaintiff's impairments met or equaled Listing 12.05(C), and thus, ruling that Plaintiff was under a disability. Doc. #6-3, PAGEID #116, 118. Further, ALJ Kenyon gave great weight to the findings of Dr. Schulz, Doc. #6-2, PAGEID #75, despite Dr. Schutz's findings being largely consistent with those of Dr. Bonds.[3] Even assuming *arguendo* that *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997) did not compel ALJ Kenyon to give claim and issue-preclusive effect to ALJ Redmond's adjudication and conclusions, ALJ Kenyon needed to explain why he was relying on very similar evidence to reach the exact opposite conclusion. ALJ Kenyon's failure to do so means that he did not build a logical bridge between the evidence of record and his conclusion that Plaintiff is not disabled, and remand is warranted for that reason alone. *Mukes v. Comm'r of Soc. Sec.*, 946 F. Supp. 2d 737, 747-48 (S.D. Ohio 2013) (Black, J.).

    3.    The Commissioner notes that ALJ Kenyon gave substantial weight to the opinions of Drs. Bruce Goldsmith and Robyn Hoffman, the Commissioner's record-reviewing psychologists. Both Dr. Goldsmith and Dr. Hoffman concluded that Plaintiff was capable of performing simple, repetitive tasks, and that, as neutral sources, their opinions may constitute substantial evidence in support of a finding of non-disability. Doc. #14, PAGEID #900 (citing Doc. #6-3, PAGEID #139-41, 149-54). While the Commissioner is correct that opinions of record-reviewing sources can constitute

---

[3] While the Commissioner claims that ALJ Kenyon gave great weight to Dr. Bonds's assessment, Doc. #14, PAGEID #899, ALJ Kenyon never even mentioned that assessment in his decision.

6

substantial evidence for a residual functional capacity determination and a subsequent finding of non-disability, *Richardson v. Comm'r of Soc. Sec.*, No. 13-2512, 570 F. App'x 537, 538 (6th Cir. 2014), ALJ Kenyon's reliance on Drs. Goldsmith and Hoffman's opinions was legal error. In his decision, ALJ Kenyon gave their opinions great weight because "[t]hey persuasively indicated that the subsequent evidence set forth largely in Dr. Schulz's assessment warrants a conclusion that the claimant does not meet [Listing] 12.05." Doc. #6-2, PAGEID #75. Yet, as discussed above, Dr. Schulz's conclusions were largely similar to those of Dr. Bonds (which were the basis of ALJ Redmond's finding that Plaintiff was disabled), and ALJ Kenyon failed to articulate why, in spite of those similarities, Dr. Schulz's opinion supported a finding of non-disability. In other words, ALJ Kenyon's conclusion that Drs. Goldsmith and Hoffman's opinions are consistent with that of Dr. Schulz does not, without further explanation, allow those opinions to be used as substantial evidence to support a finding of non-disability, and in the absence of other substantial evidence as to Listing 12.05(C), the captioned cause must be remanded.

4. The Commissioner argues that *Drummond* and Acquiescence Ruling 98-4(6)—which require that a prior disability determination be given claim and issue-preclusive effect on any subsequent determination absent a material change in or new evidence regarding a claimant's physical or mental state—*Drummond*, 126 F.3d at 842, did not require ALJ Kenyon to adopt ALJ Redmond's conclusion that Plaintiff met or equaled Listing 12.05(C). Doc. #14, PAGEID #892-93. The Commissioner claims that *Drummond* is inapplicable because ALJ Redmond's finding of disability in 2009 was not the most recent administrative decision; rather, the Commissioner argues, the most recent

7

decision was the termination of Plaintiff's previous benefits, which occurred by operation of law "effective with the start of the 13th month after the [incarceration] began[,]" *id.*, PAGEID #892 (quoting 20 C.F.R. § 416.1335), which occurred some time after ALJ Redmond's decision.  *Id.*, PAGEID #893.  The termination of benefits due to incarceration, the Commissioner argues, "rendered [Plaintiff] ineligible for [previous] benefits and necessitated the filing of a new application to be evaluated under the five-step sequential analysis."  *Id.* (quoting *Roark v. Comm'r of Soc. Sec.*, No. 1:10-CV-739, 2011 WL 6751190, at *12 (S.D. Ohio Nov. 29, 2011) (Litkovitz, Mag. J)).

The Court finds the Commissioner's argument unpersuasive for two reasons. First, the issue of whether termination of benefits due to incarceration overrides a previous finding of disability is not a settled question within the Sixth Circuit.  See *Blevins v. Astrue* No. 11-74-DLB, 2012 WL 3149343, at *4 n.2 (E.D. Ky. Jul. 31, 2012) (citing *Messer v. Astrue*, No. 09-342, 2010 WL 4791956 (E.D. Ky., Nov. 18, 2010)) ("[w]hether the *Drummond* rule applies after termination of benefits due to incarceration was not answered in *Messer*."); *but see Antico v. Astrue*, No. 1:11-cv-640, 2012 WL 4473157, at *5 (S.D. Ohio Sept. 26, 2012) (Bowman, M.J.), *report and recommendations adopted at* 2012 WL 5438988 (S.D. Ohio Nov. 7, 2012) (Spiegel, J.) (declining to apply *Drummond* to case in which benefits were likely terminated due to incarceration, although the plaintiff in *Antico*, unlike in the instant case, had not had a previous hearing before an ALJ). Second, as conceded by the Commissioner in her Objections, ALJ Kenyon "noted that there was 'new evidence since the prior decision.'"  Doc. #14, PAGEID #893 (quoting Doc. #6-2, PAGEID #71).  This new evidence, ALJ Kenyon went on to state, "indicates that the claimant's level of adaptive functioning is well above that of an intellectually

8

disabled individual." Doc. #6-2, PAGEID #71. ALJ Kenyon's statement refers to ALJ Redmond's 2009 decision, rather than the termination of benefits due to incarceration; ALJ Kenyon likely used the phrase "new evidence" in the above context because <u>he</u> thought that *Drummond* applied. Given the unsettled nature of the law, both within the Sixth Circuit and within the Social Security Administration, the Commissioner's Objection is overruled. On remand, the Commissioner must determine whether *Drummond* requires that ALJ Redmond's 2009 decision and determinations are entitled to claim and issue-preclusive effect, respectively.

5. The Magistrate Judge recommended remanding the captioned cause for an immediate award of benefits, rather than further administrative proceedings. Remand for benefits is appropriate "only where the proof is disability is overwhelming or where the proof of disability is strong while contrary evidence is lacking." *Faucher v. Secy' of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). The Magistrate Judge concluded that the evidence was overwhelming that Plaintiff met or equaled Listing 12.05(C) on August 31, 2012, the date he applied for benefits. Doc. #13, PAGEID #887-88. However, the opinions of Drs. Goldsmith and Hoffman may, with proper explanation by ALJ Kenyon, constitute substantial evidence upon which a finding of non-disability could be based. Moreover, additional explanation as to differences between the opinions of Drs. Bonds and Schulz may provide a sound basis for ALJ Kenyon's conclusion that the latter's opinion supports a finding of non-disability. In light of the above, the Court cannot conclude that the evidence supporting a finding of disability is overwhelming, such that a proper evaluation of all evidence of record could only reasonably lead to finding Plaintiff disabled.

Accordingly, remand for further proceedings, rather than an award of benefits is the appropriate course of action; the Court rejects the above-discussed portion of the Report and Recommendations, and sustains the Commissioner's Objections thereto.

WHEREFORE, based upon the aforesaid, this Court ADOPTS IN PART and REJECTS IN PART the Report and Recommendations of the Magistrate Judge. Doc. #13. Plaintiff's Objections to the Report and Recommendations, Doc. #14 are SUSTAINED IN PART and OVERRULED IN PART. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits, under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 29, 2017

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT